UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DANIEL CROSS,  )
             )
    Plaintiff,  )
             )
v.           )    14-3160
             )
THOMAS BAKER, *et al.*  )
             )
    Defendants.  )

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment violation for deliberate indifference to a serious medical need regarding medical treatment he received while incarcerated at Western Illinois Correctional Center. The matter comes before this Court for ruling on Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 41).

## FACTS

Plaintiff filed the present lawsuit on May 22, 2014, alleging that prison officials at Western Illinois Correctional Center ("Western") failed to provide adequate medical treatment for an

Achilles heel injury he sustained during a basketball game at the prison. (Doc. 1). In his Complaint, Plaintiff indicates that he filed an emergency grievance related to the issue and he attached a copy of this grievance to his Complaint. (Doc. 1 at 4-5). The grievance is dated December 28, 2013.

According to records provided by Western, Plaintiff submitted only one grievance. The grievance is dated March 6, 2014 and describes dental care, or lack thereof, Plaintiff received at Western. The grievance does not mention Plaintiff's Achilles heel injury. Records from the Administrative Review Board ("ARB") show Plaintiff did not appeal any grievances.

**ANALYSIS**

Failure to exhaust is an affirmative defense, and therefore the burden of proof lies with the defendants. Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013). The Court must hold an evidentiary hearing if a disputed issue of material fact exists, see Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008), but where none is present, an evidentiary hearing is unnecessary and the issue of exhaustion may be decided as a matter of law. Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The purpose of this requirement is to "alert the state to the problem and invite corrective action." Turley, 729 F.3d at 649 (internal citations omitted). The Seventh Circuit has adopted a strict compliance standard to exhaustion, and to exhaust remedies "a prisoner must properly use the prison's grievance process." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). If the prisoner fails to follow the grievance procedures, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." Id.; see Dole, 438 F.3d at 809 (quoting same). "The 'applicable procedural rules' that a prisoner must properly exhaust are defined not by the PLRA, but by the prison grievance process itself." Maddox v. Love, 655

F.3d 709, 721 (7th Cir. 2011) (citing Jones v. Bock, 549 U.S. 199, 218 (2007)).

The Illinois Administrative Code establishes the grievance procedures for Illinois Department of Corrections inmates. Inmates unable to resolve their issues informally with prison staff may file a written grievance on a form provided by the prison. 20 ILL. ADMIN. CODE § 504.810(a). The grievance must be filed "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." Id. § 504.810(a). A grievance officer, however, shall consider a grievance filed outside of the 60-day time period if the inmate "can demonstrate that a grievance was not timely filed for good cause…." Id. A grievance officer considers each grievance and submits a recommendation to the Chief Administrative Officer, who notifies the inmate of his decision. Id. § 504.830(d). An inmate may appeal the CAO's decision to the Director, but must do so within 30 days of the decision. Id. § 504.850(a). Once an appeal is received, the Administrative Review Board reviews the appeal and provides the Director with a written report of its findings and recommendations. Id. § 504.850(e).

An offender may request that a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO. Id. § 504.840. If the CAO determines that a "substantial risk of imminent personal injury or other serious harm to the offender" exists, then the grievance must be handled on an emergency basis. Id. § 504.840(a). If so designed, the grievance process is expedited and the CAO must respond to the officer, indicating the action taken or which shall be taken. Id. § 504.840(b).

Defendants argue that Plaintiff failed to exhaust his administrative remedies because he did not file a grievance related to the Achilles heel injury and subsequent medical treatment, much less follow the grievance process through to its conclusion. Plaintiff counters by arguing that he filed an emergency grievance with the warden and the warden failed to respond. Plaintiff provided a copy of the grievance with his Complaint and with his response to the Motion for Summary Judgment. (Doc. 44 at 10).

"If administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). "Availability" does not mean that the remedy exists on paper, but whether the process was open to

the prisoner in reality.  Id.  Stated differently, administrative remedies become unavailable when, though a grievance system is in place, prison officials effectively prevent a prisoner from availing himself of it.  See id. (remedies have been found to be unavailable when prison officials fail to provide grievance forms, erroneously tell an inmate he must wait for an investigation to conclude, fail to respond to a properly filed grievance, or engage in affirmative misconduct (citations omitted)).  If a prisoner did all he could do to avail himself of the process, and the failure to exhaust was through no fault of his own, it cannot be said that the prisoner failed to exhaust his available remedies.  Dole, 438 F.3d at 811.

Defendants argue that Plaintiff's alleged emergency grievance does not contain any indicia that the grievance was filed, whether through file stamp or other notation.  Furthermore, Defendants argue that, because the emergency grievance does not exist in records maintained by Western, that Plaintiff did not properly file this grievance.  At this point, however, the Court cannot determine whether the lack of records and other indicia is because of Plaintiff's failure to file the emergency grievance or because of prison officials' intentional failure to respond.  Arguably, the lack of

records could be expected in both cases.  The Court finds that a genuine issue of material fact exists as to whether the administrative grievance process was available to Plaintiff during the time period in question.  Therefore, the Court must hold an evidentiary hearing to resolve these issues.  See Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motion for Summary Judgment [41] is DENIED.**

2) **An evidentiary hearing is scheduled for OCTOBER 22, 2015 at 9:30 a.m., at the U.S. Courthouse in Springfield, Illinois, pursuant to Pavey v. Conley, 544 F.3d 739 (7th Cir. 2008).  Plaintiff shall appear in person.  Plaintiff is not currently in custody, therefore, no writ shall issue for his appearance.**

3) **By September 24, 2015, the parties are directed to submit a list of: 1) the documentary evidence they intend to submit at the hearing; and, 2) the witnesses they intend to call and the locations of those witnesses, if appearing by video. For a nonparty witness, the list should also summarize the expected testimony of that witness. The parties are responsible for bringing their own documentary evidence to the hearing. Plaintiff will present his case first, followed by Defendants. Opening and closing statements are optional.**

4) **Defendants filed a Motion to Dismiss [48] indicating that Plaintiff refused to answer questions during his deposition.  According to the transcripts, Plaintiff refused to answer questions regarding his allegations against**

Defendants Baker and Wexford Health Care because, as Plaintiff put it, all his answers were in his Petition. See Doc. 48-1 at 1-5. The fact that allegations are contained in prior pleadings is not a proper objection. If Plaintiff objects to the question, he may state his objection, but he must still answer the question unless the information sought is privileged. See Fed. R. Civ. P. 30(c)(2). Defendants' Motion to Dismiss and/or Motion for Sanctions [48] is DENIED at this time. However, should the Defendants choose to take Plaintiff's deposition a second time, the Plaintiff is directed to answer the questions. If Plaintiff fails to do so, the Defendants may renew their motion at that time, and the Court will consider any sanction requested and available under the Federal Rules of Civil Procedure, <u>including dismissal of Plaintiff's case</u>.

5) Plaintiff files a Motion for Reconsideration [26] seeking reconsideration of the Court's previous order denying appointment of counsel. Plaintiff has made a reasonable attempt obtain counsel. As stated in the Court's text order dated October 15, 2014, Plaintiff has personal knowledge of the facts of this case and can testify accordingly. Further, Plaintiff has since filed several documents with the Court citing relevant legal authority and effectively conveying his legal position to the Court. Therefore, the Court finds that Plaintiff is competent to litigate this case himself at this time. See <u>Pruitt v. Mote</u>, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff's Motion [26] is DENIED. Plaintiff, however, may renew his motion to appoint counsel at a later time, if necessary.

6) Plaintiff's Motion for Leave to File an Amended Complaint [37] is DENIED. As stated in the Scheduling Order, the proposed amended complaint must stand on its own. Piecemeal amendments are not permitted. See Scheduling Order [24], ¶ 2. In addition, the allegations Plaintiff seeks to add constitute a different claim and should be filed in a separate lawsuit. See <u>George v. Smith</u>, 507 F.3d 605, 607

(7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent [confusion] but also to ensure that prisoners pay the required filing fees" and comply with the Prisoner Litigation Reform Act). Plaintiff's Motion [37] is DENIED.

7) Defendants' Motion for Extension of Time [32] is GRANTED. The Court notes the relevant motions have since been filed. Defendants' Motion [40] is DENIED as moot.

8) Plaintiff's Motion to Withdraw Against Two Defendants [27] is GRANTED. Case is dismissed against Defendants Fessler and Worley. Clerk is directed to terminate these defendants.

9) Plaintiff's Motion for Order to Issue Subpoena [28] is DENIED at this time. Plaintiff appears to have obtained the records he sought via subpoena as he attached them to a subsequent motion filed with the Court. See [37].

10) Defendants' Motion for Extension of Time to File Summary Judgment motions is GRANTED [49].

ENTERED: June 29, 2015

FOR THE COURT:

_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE